**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DAN KAROLEWICZ,

    Plaintiff,

vs.                                                                     CASE NO. 3:06-cv-641-J-16TEM

DRUMMOND PRESS, INC.,
a Florida corporation,

    Defendant.
_____

## **O R D E R**

    This case comes before the Court on Plaintiff's Motion for Sanctions for Failure to Comply with This Court's Discovery Order Dated January 10, 2007 (Doc. #18), Defendant's Response to Plaintiff's Motion for Sanctions (Doc. #19), Plaintiff's Motion to File a Reply to Defendant's Response to Plaintiff's Motion for Sanctions (Doc. #21) and Defendant's Response to Plaintiff's Motion to File a Reply Memorandum to Defendant's Response to Plaintiff's Motion for Sanctions (Doc. #22).  Plaintiff requests Defendant's counterclaims and affirmative defenses be stricken to remedy Defendant's alleged violation of this Court's January 10, 2007 Order (Doc. #17).

    Federal Rule of Civil Procedure 37(b)(2)(C) provides the remedy of "an order striking out pleadings or parts thereof" when a party fails to comply with a discovery order.  "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999).  Rule 37 gives courts "broad discretion to fashion appropriate sanctions for violation of discovery orders," however, "the severe sanction of dismissal or

default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993); *see also United States v. Certain Real Property Located at Route 1, Bryant, Alabama*, 126 F.3d 1314, 1317 (11th Cir. 1997) (The Eleventh Circuit "consistently [has] found Rule 37 sanctions such as dismissal or entry of summary judgment to be appropriate [ ] only where the party's conduct amounts to flagrant disregard and willful disobedience of discovery orders." (internal quotations omitted)). Generally, "[v]iolation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *Malautea*, 987 F.2d 1536 at 1542; *see also Certain Real Property Located at Route 1, Bryant, Alabama*, 126 F.3d 1314 at 1317. Additionally, the Eleventh Circuit has found "no provision in the federal discovery rules which authorizes a court to impose sanctions on a party who resists discovery by asserting a valid claim of privilege." *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1087 (11th Cir. 1980).

In the instant matter, Plaintiff was aware of Defendant's violation of this Court's January 10, 2007 Order immediately upon Defendant's failure to produce the outstanding discovery documents by January 21, 2007, however, Plaintiff did not file the instant motion until May 18, 2007, nearly four full months later. It appears from the parties' briefs that they used this time to schedule the viewing of documents, negotiate the terms of a protective order, and conduct depositions. *See* Doc. #18 Exhibits A, B, and D; and Doc. #19, Exhibits A-G). It also appears that as of February 5, 2007 (albeit two weeks after the order deadline) some additional discovery had been produced by Defendant and received by Plaintiff. (Doc. #19, Exhibit A at 1; and Doc. #18 Exhibit A). Counsels' correspondence

suggests that Defendant was not acting in bad faith by preventing Plaintiff's access to the requested documents, but Defendant simply did "not want to release [the] documents without protection in the form of a confidentiality agreement or order since [the documents] contain information including identity of customers, cost information, and pricing." (Doc. #19, Exhibit A at 1). In fact, defense counsel's February 5, 2007 letter specifically stated that even without the protection of a confidentiality agreement Defendant "has no concern about, or objection to, [Plaintiff] seeing the documents." (Doc. #19 Exhibit A at 1).

In its January 10, 2007 Order (Doc. # 17), this Court found "much of the discovery in this action will likely contain confidential information, proprietary information and non-public technical information and data, that may include trade secrets." (Doc. #17 at 2). Although counsels' correspondence indicates that "this simply has not panned out to be the situation in this case," the parties have nonetheless agreed to a Stipulated Protective Order (Doc. #20). The joint filing of a proposed protective order suggests that at least some of the discovery sought is confidential in nature and subject to Defendant's valid claim of privilege.[1]

The Court, in its January 10, 2007 Order, also found that the record was "unclear as to what discovery remains outstanding and in dispute." (Doc. #17 at 3). The instant motions provide the Court no greater clarity as to which documents have been requested, produced or remain outstanding. The Court presently finds that Defendant did not flagrantly disregard or willfully disobey the January 10, 2007 Order, and was not acting in

---

[1] The Court's ruling on the Stipulated Protective Order, shall be issued separately from this ruling. Here, the Court considers the existence of the document to merely be a fact in the record.

bad faith when it asserted a privilege to the discovery sought while diligently negotiating with Plaintiff to reach an agreement to comply with the Court's Order. On the facts presented, the severe sanction of dismissal is not warranted here. Plaintiff has also failed to show any prejudice suffered as a result of the Defendant's conduct, and lacking such evidence in the record, the Court declines to impose any sanctions.

The Court is mindful, as counsel should be, that the parties are

> "under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if [either] party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Fed. R. Civ. P. 26(e)(2).

The Court also notes that under the Case Management and Scheduling Order (Doc. #14), the deadline to complete discovery passed on June 29, 2007 and the deadline for the filing of dispositive motions is August 3, 2007.

Thus, having given due consideration to the matter currently before the Court, it is hereby **ORDERED:**

1. Plaintiff's Motion for Sanctions for Failure to Comply with This Court's Discovery Order (Doc. #18) is **DENIED**.

2. Plaintiff's Motion to File a Reply to Defendant's Response to Plaintiff's Motion for Sanctions (Doc. # 21) is **DENIED**. Additional briefing on this matter would not aid the Court in its determination.

3. The Court will *sua sponte* enlarge the discovery deadline through July 31, 2007, for the limited purpose that the parties may finalize and exchange any potential

discovery that has not yet been provided because of the confidential nature of the documents subject to the Stipulated Protective Order, as modified. The Court's Order concerning the Stipulated Protective Order shall be issued contemporaneously with this Order.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of July, 2007.

Copies to:
Counsel of Record
Pro Se Parties (if any)

THOMAS E. MORRIS
United States Magistrate Judge