UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAN KAROLEWICZ,

    Plaintiff,

vs.                                      CASE NO. 3:06-cv-641-J-16TEM

DRUMMOND PRESS, INC.,
a Florida corporation,

    Defendant.

_____

## O R D E R

This case is before the Court on a Stipulated Protective Order (Doc. #20), which was filed June 14, 2007. Normally, the Court would not consider a stipulated protective order as sufficient under Local Rule 3.01, United States District Court, Middle District of Florida or under Rule 26(c), Federal Rules of Civil Procedure. Pursuant to Rule 26, a court may enter a protective order upon motion of a party "for good cause shown." FED. R. CIV. P. 26. A protective order cannot be entered merely because of the consent of the parties; the Court is required to make findings justifying such an order. *In Re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355 (11th Cir. 1987).

However, in this case the Court has already found the litigation is an action for patent infringement where much of the discovery will likely contain confidential information, proprietary information and non-public technical information and data, that may include trade secrets. See Doc. #17, Court Order, p. 2-3; *also see,* Doc. #1, Complaint; Doc. #7, Counterclaim. The Court has also already found that protective orders pursuant to Fed. R. Civ. P. 26(c) are frequently issued in this type of case (Doc. #17, p. 2) and much of the

asserted confidential and proprietary nature of the sought discovery was at the heart of the dispute in a prior motion.

Although, the parties are free to consent to a confidentiality agreement among themselves without court involvement, the court may agree to enter a protective order when it is *necessary* to expedite the flow of discovery material, promote prompt resolution of disputes over confidentiality, and facilitate the preservation of material arguably worthy of protection. See *McCarthy v. Barnett Bank of Polk County,* 876 F.2d 89, 91 (11th Cir. 1989); *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987). In this case, it has become apparent the issuance of a protective order is necessary to facilitate the flow of discovery and preserve material worthy of protection. Further, the parties have shown good cause for the issuance of a protective order through the filing of motions requesting sanctions for alleged discovery violations and the filing of the proposed stipulated protective order.

The Court notes that the Stipulation, as proposed, provides for the filing of sealed documents without prior approval of the Court. The parties should note that public interest and court policy both discourage the filing of large volumes of information under seal. Leave of court must be obtained *before* confidential material may be filed under seal. In the absence of a showing of clear necessity and a lack of viable alternatives, the parties should not expect the routine submission of materials for *in camera* filings to be approved. Thus, the Court finds that paragraph 12, should be amended to reflect the procedure commonly used in this Court.

Accordingly, it is hereby **ORDERED:**

1. The Stipulated Protective Order (Doc. #20) is construed to be a stipulated motion for protective order under Fed. R. Civ. P. 26(c) and is **GRANTED** as outlined below.

2. The proposed protective order, identified as "Stipulated Protective Order" (Doc. #20) is incorporated herein as it pertains to confidential and non-public financial information, proprietary information and non-public technical information and data including trade secrets, and entered as the Court's Order pursuant to Rule 26(c), Federal Rules of Civil Procedure.

3. The referenced "Stipulated Protective Order" is hereby modified by deleting the original paragraph 12 and substituting the following:

12. (a) Any party seeking to file confidential information in the case under seal, for whatever reason, must first obtain Court approval. The motion for leave of Court shall generally describe the confidential material and set forth the necessity for its receipt under seal. Only after the Court rules that such information may be received under seal may the confidential material be filed. The parties shall confer prior to filing a motion in an effort to minimize the number of requests for *in camera* filings.

(b) When the Court has approved a submission under seal, the material shall be filed with the Clerk in a sealed enclosure on which shall be affixed the style of the case, and a designation of the level of confidentiality if appropriate.

(c) If appropriate, any party may move the Court to take appropriate steps to ensure that the confidentiality of this information is preserved during a hearing or trial. In the event any confidential material is

marked as an exhibit during the trial of this case, the party so marking shall move the Court to seal the confidential material at the conclusion of trial.

**DONE AND ORDERED** at Jacksonville, Florida this ___17th___ day of July, 2007.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record
   and *pro se* parties, if any

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAN KAROLEWICZ,

    Plaintiff/Counterclaim
    Defendant,

vs.                                         CASE NO.: 3:06-cv-641 J-16TEM

THE DRUMMOND PRESS, INC.,
a Florida Corporation,

    Defendant/Counterclaim
    Plaintiff.
_____/

## STIPULATED PROTECTIVE ORDER

For good cause shown and pursuant to Federal Rule of Civil Procedure 26(c) the Court finds that:

1. The defendant has asserted that public dissemination of price and customer data is confidential and will place it at a competitive disadvantage if publicly disclosed; and

2. To protect the respective interests of the defendant who may be called upon to make disclosure in this civil action, and to facilitate the progress of discovery in this civil action, a Protective Order should issue.

IT IS THEREFORE ORDERED THAT:

3. For the purpose of this Protective Order:

    a. "Confidential Information" shall mean testimony or information in a document which the disclosing party or non-party believes in good faith constitutes price

and customer data that is confidential information within the meaning of Federal Rule of Civil Procedure 26(c)(7). Confidential Information does not include information that is: (i) generally known to those in the industry prior to disclosure in this civil action; or (ii) approved for release by written authorization of the party who owns the information; or (iii) disclosed to the receiving party by a third party lawfully possessing such information and under no obligation of confidentiality; or (iv) developed independently by the receiving party or any employee or designated agent thereof independently and without any use whatsoever of confidential information received by the receiving party under this Protective Order; or (vi) submitted to any governmental entity without request for or statutory entitlement to confidential treatment. Notwithstanding the foregoing, defendant may assert confidentiality as to any other documents that it might discover subsequent to the date of this Order that defendant in good faith believes is confidential within the meaning of Federal Rule of Civil Procedure 26(c)(7).

   b. "Document" shall have the same meaning as in Federal Rule of Civil Procedure 34(a), and shall include, without limitation, electronic and computerized data compilations, interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, affidavits, declarations and briefs.

   4. This Protective Order shall apply to the parties and to non-parties to this civil action who shall be called upon to make disclosure in this civil action. The party or non-party called upon to make disclosure in this civil action is referred to in this Protective Order as the "Disclosing Party".

5. Any document containing Confidential Information may be designated as such by the Disclosing Party by marking the document "Confidential" prior to or at the time a copy of the document is furnished to the receiving party. Such marking shall be placed on every page of each document so designated, or if the entire document is to be designated as such, on the first page of the document with an indication that the designation applies to the entire document.

6. At a deposition, or within fourteen (14) days of issuance of a notification by an officer pursuant to Federal Rule of Civil Procedure 30(e) that the transcript of a deposition is available for review, counsel for any party or for the deponent may designate specific testimony (including questions and colloquy) or pages of the transcript as containing Confidential Information, either by placing notice on the record at the deposition or in writing to counsel for all parties and for the deponent. If a review of the transcript has been requested pursuant to Federal Rule of Civil Procedure 30(e), the entire transcript volume shall be treated as Confidential until expiration of the fourteen (14) day period. To the extent that a document bearing a Confidential designation is used in a deposition, such document shall remain subject to the provisions of this Protective Order, without the need for further designation.

7. Confidential Information disclosed pursuant to this Protective Order shall not be used, shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for herein.

8. Confidential Information disclosed pursuant to this Protective Order shall be used solely for the prosecution or defense of this civil action.

9. Confidential Information disclosed pursuant to this Protective Order is to be disclosed only to the following persons:

    a. Outside counsel of record of each party, including their paralegal assistants and secretaries, and employees or agents of counsel, including providers of duplicating services, to the extent reasonably necessary to render professional services in this civil action and provided that such persons are actively engaged in the prosecution or defense of this civil action.

    b. In-house counsel of each party, provided that each such in-house counsel is involved in the prosecution or defense of this civil action and has the need to know such information in the prosecution or defense of this civil action. Counsel of record shall identify the designated in-house counsel to the Disclosing Party ten (10) days before granting in-house counsel with access to Confidential Information, with the proviso that if, within that ten (10) day period, an objection is stated to such disclosure, no such disclosure will be made without prior approval of this Court.

    c. Persons identified in a document designated as Confidential as the author of the document or as a person to whom a copy of such document was sent prior to its disclosure in this civil action.

    d. Witnesses where at least one of the following conditions applies:

        i. the witness is a current employee of the Disclosing Party;

    ii. the Disclosing Party has consented on the record of the deposition to the disclosure of the Confidential Information to the witness; or

    iii. the party wishing to disclose the Confidential Information to the witness notifies the Disclosing Party of that desire, with a specific listing of the Confidential Information to be disclosed, and the Disclosing Party consents in writing to disclosure, which consent will not unreasonably be withheld. If, however, such consent is not received in writing, such Confidential Information may not be disclosed to the witness until and unless the party wishing to disclose the Confidential Information to the witness moves for and obtains appropriate relief from this Court upon good cause shown.

  A witness to whom Confidential Information was disclosed under subparagraphs (d) (ii) or (iii) during a deposition may review the Confidential Information while reviewing his or her deposition transcript pursuant to Federal Rule of Civil Procedure 30(e), provided that copies of the documents containing the Confidential Information are not retained by the witness after he or she has completed his or her review of the transcript.

  e. The Court and employees of the Court.

  f. Court reporting personnel involved in taking or transcribing testimony in this civil action, provided that any such court reporting personnel agrees that Confidential Information designated as such under this Protective Order shall not be disclosed, except pursuant to the terms of this Protective Order, and that any notes or transcriptions of testimony (and any accompanying exhibits) containing Confidential Information shall be retained by the court reporting personnel or delivered to counsel of

record;

g.  Outside consultants or experts retained for the purpose of assisting counsel of record in this action, subject to the condition that such consultants or experts, prior to any disclosure of Confidential Information thereto, shall be identified by counsel of record to the Disclosing Party no less than ten (10) days prior to a proposed disclosure with the proviso that if, within that ten (10) day period, an objection is stated to such disclosure, no such disclosure will be made without prior approval of this Court. When identification of a consultant or expert is to be provided to a party to this civil action, such identification shall include the curriculum vitae of the consultant or expert, a list of all publications by the consultant or expert for the past ten (10) years, and a list identifying all lawsuits in which the consultant or expert testified within the preceding four (4) years.

h.  Outside technical, graphics or jury consultants retained by the receiving party or its attorneys for the purpose of assisting in connection with this civil action or whose assistance may be required for preparation for and/or trial of this civil action.

10.  Before any person described in paragraph 10(b), 10(g), or 10(h) is given access to Confidential Information, the individual to whom access is to be provided shall sign and date an undertaking in the form of the attached Exhibit A. The undertaking shall be held by counsel of record for the party providing access to the Confidential Information.

11.  Confidential Information shall not be filed with the Court except when required by Court order or rule or in connection with motions or applications submitted to

the Court. Documents containing Confidential Information (including, without limitation, deposition transcripts, exhibits, briefs, affidavits, and declarations), if filed with the Court, shall be filed under seal.

12. The Clerk of this Court is directed to maintain under seal all documents filed in this civil action which are designated as containing Confidential Information. Such documents shall be filed in the Clerk's office in sealed envelopes with a copy of the caption page affixed to the outside of the envelope, along with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and a statement substantially in the following form:

> This envelope contains Confidential Information filed by [name of party or non-party] and is not to be opened, nor the contents to be displayed or revealed, by anyone other than authorized court personnel, except by Court order.

13. At any time after the disclosure of information designated as Confidential Information, counsel for a party receiving the Confidential Information may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to the Disclosing Party. If agreement is not reached as to whether the Confidential designation of the information is appropriate, the receiving party shall certify to the Court that the parties could not reach an agreement as to the confidential nature of all or a portion of the Confidential Information. Thereafter, the Disclosing Party shall have ten (10) days from the date of certification to file a motion for a protective order with regard to any Confidential Information in dispute. The Disclosing Party shall have the burden of establishing that the disputed Confidential Information is entitled to Confidential

treatment. If the Disclosing Party does not timely file a motion for a protective order, then the Confidential Information in dispute shall no longer be subject to Confidential treatment as provided for in this Protective Order. All Confidential Information is entitled to Confidential treatment pursuant to the terms of this Protective Order until and unless the Disclosing Party agrees in writing to the contrary, the Disclosing Party fails to timely move for a protective order, or a determination is made by the Court that the Confidential Information is not entitled to Confidential treatment.

14. Within sixty (60) days after the final conclusion of this civil action by judgment not subject to appeal or by settlement, all documents containing Confidential Information, other than trial and deposition transcripts, trial and deposition exhibits, and briefs, counsel work papers, memoranda or other documents filed with the Court, and declarations executed pursuant to paragraph 11 hereto, either shall be returned to the Disclosing Party or shall be destroyed. Confidential Information used by outside counsel at its offices that exists in or on electronic media which is not readily accessible (such as back-up tapes) and which is routinely deleted or destroyed in the normal course of business, may be destroyed at its regularly scheduled interval and such media shall not be required to be restored. All parties or persons that received Confidential Information shall make certification of compliance with this section and shall deliver same to the Disclosing Party not more than sixty (60) days after the final conclusion of this civil action. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material after the conclusion of this civil action, including any appeals.

15. After conclusion of this civil action, the provisions of this Protective Order shall continue to be binding, except with respect to Confidential Information that becomes a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information for enforcement of the provisions of this Protective Order following conclusion of this civil action.

16. If Confidential Information is disclosed to any person other than in a manner authorized by this Protective Order, the party responsible for the disclosure or knowledgeable of such disclosure, upon discovery of the disclosure, shall immediately inform the Disclosing Party of the facts pertinent to the disclosure.

17. Nothing in this Protective Order shall be deemed to reduce or enlarge the scope of discovery provided for under the Federal Rules of Civil Procedure.

18. This Protective Order is not intended to govern the use of Confidential Information at the trial of this civil action. Procedures governing the use of Confidential Information at trial will, if necessary, be established by separate order pursuant to an application to the Court by a party or by a Disclosing Party.

19. The United States District Court for the Middle District of Florida is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Confidential Information produced under the protection of this Protective Order shall be resolved by the United States District Court for the Middle District of Florida. This Court retains jurisdiction even after the conclusion of this civil action to enforce this Protective Order and to amend this Protective Order as the Court deems

appropriate.

So Stipulated on this ____ day of June, 2007:

| THE WINICKI LAW FIRM | MILAM HOWARD NICANDRI DEES & GILLAM, P.A. |
|---|---|
| By _____ | By _____ |
| Robert J. Winicki | Robert M. Dees |
| Florida Bar No. | Florida Bar No. 714399 |
| 4745 Sutton Park Court | 14 East Bay Street |
| Suite 401 | Jacksonville, FL 32202 |
| Jacksonville, FL 32224 | Tel: (904) 357-3660 |
| Tel: (904) 992-4997 | Fax: (904) 357-3661 |
| Ashkan Najafi | |
| 6817 Southpoint Parkway | Andrew C. Aitken |
| Suite 2301 | Venable LLP |
| Jacksonville, FL 32216 | 575 7th Street, N.W. |
| Tel: (904) 296-0055 | Washington, DC 20004-1601 |
| | Tel: (202) 344-8165 |
| Attorneys for Karolewicz | Attorneys for The Drummond Press, Inc. |

SO ORDERED:

_____
The Honorable ~~John H. Moore II~~ Thomas E. Morris
United States ~~District~~ Judge
          Magistrate
Dated: July 17, 2007

10

EXHIBIT "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAN KAROLEWICZ,

    Plaintiff/Counterclaim
    Defendant,

vs.                                                    CASE NO.: 3:06-cv-641 J-16TEM

THE DRUMMOND PRESS, INC.,
a Florida Corporation,

    Defendant/Counterclaim
    Plaintiff.
_____/

I, _____, hereby certify that:

1.    I have read the Protective Order entered in this civil action and understand its terms.

2.    I agree to be bound by the terms of the Protective Order in this civil action. I agree to use Confidential Information provided to me pursuant to the Protective Order in this civil action only for purposes of this civil action.

3.    I submit to the jurisdiction of the United States District Court for the Middle District of Florida for the purpose of enforcing the terms of the Protective Order in this civil action and freely and knowingly waive any right that I may otherwise have to object to the jurisdiction of said Court.

4. I understand that my failure to abide by the terms of the Protective Order entered in this civil action may subject me, without limitation, to penalties for contempt of Court.

Dated: _____

Signature: _____

Print Name: _____